UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-219-MOC
(3:14-cr-98-MOC-1)

| | |
|---|---|
| KENNEDY KEMP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.     BACKGROUND**

Pro se Petitioner Kennedy Kemp, a native and citizen of Jamaica, was convicted in 2006 of drug charges involving the manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance, as well as conspiracy to do the same, and was sentenced to six months to one year and eleven months in jail. See (Criminal Case No. 3:14-cr-98-MOC-1, Doc. No. 8 at ¶ 3: Factual Basis; Doc. No. 15 at ¶ 30: PSR). He was removed from the United States in 2014 and did not receive permission to reapply for admission. (Id., Doc. No. 8 at ¶ 3).

In May 2014, Petitioner attempted to enter the United States from Montego Bay, Jamaica. (Id. at ¶ 2; Doc. No. 15 at ¶ 8: PSR). He was arrested by Customs and Border Protection Officers at Charlotte Douglas International Airport and was identified as an undocumented alien who had previously been deported or removed. (Id., Doc. No. 8 at ¶ 2). As a result, Petitioner

1

was charged in a two-count indictment with (1) illegal re-entry of a deported alien subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) & (b)(2) (Count One); and (2) falsely representing himself to be a United States citizen, in violation of 18 U.S.C. § 911 (Count Two). (Id., Doc. No. 1: Indictment).

Petitioner pleaded guilty to Count One, in exchange for the Government's dismissal of Count Two. (Id., Doc. No. 7: Plea Agrmt.). As part of Petitioner's plea agreement, he agreed to waive the right to appeal his conviction or sentence on direct appeal or in any post-conviction proceeding, except as to allegations of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 16-17). The Government agreed not to oppose a sentence at the low end of the applicable guidelines range. (Id. at ¶ 7(c)).

At the plea hearing, Petitioner agreed with the factual basis for his plea and stated that he understood and agreed to the terms of his plea agreement, including the waiver of his right to appeal or to challenge his conviction in any post-conviction proceeding. (Id., Doc. No. 9 at ¶¶ 25-27; 29-30: Acceptance and Entry of Guilty Plea). Petitioner stated that no one had threatened, intimidated, or forced him to plead guilty, that no one had made promises outside of the plea agreement to induce him to plead guilty, and that he was satisfied with the services of his attorney. (Id. at ¶¶ 31-32; 34-35). The magistrate judge accepted his plea as knowingly and voluntarily made. (Id. at 4).

A probation officer issued a presentence report (PSR) recommending a finding that Petitioner's base offense level was eight, that a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(i) applied due to his having been deported after a prior felony drug-trafficking conviction, and that he was entitled to a three-level decrease for acceptance of responsibility. (Id., Doc. No. 13 at ¶¶ 16-17; 23-24: PSR). Based on a total offense level of 21 and a criminal

history category of II, Petitioner's advisory guidelines range was 41-51 months of imprisonment. (Id. at ¶¶ 35; 57). On May 18, 2015, this Court sentenced Petitioner to 41 months of imprisonment. (Id., Doc. No. 18: Judgment). Petitioner did not appeal. Instead, on May 5, 2016, he timely filed the pending motion to vacate, in which he argues that he received ineffective assistance of counsel and that the evidence is insufficient to support his conviction and sentence.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**A. Petitioner's Claims of Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant

relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

**1. Petitioner's contention that counsel was ineffective during Petitioner's plea proceedings.**

In support of his ineffective assistance of counsel claim, Petitioner first asserts that his attorney provided ineffective assistance of counsel during his plea proceedings. (Doc. No. 1 at 6). He contends that counsel coerced him to plead guilty to illegal re-entry despite the fact that he told his attorney that he was a legal resident of the United States and that he should only have

4

been charged with using false documents. (Id.). He seeks to be sentenced under the fast-track law. (Id. at 15).

Petitioner's contention that his attorney coerced him to plead guilty is belied by his sworn representations during the plea proceedings that he was not threatened, intimidated, or forced to plead guilty; that he was in fact guilty of the offense; and that he was satisfied with his attorney's performance. (Id., Doc. No. 9 at ¶¶ 1; 23; 31; 34: Acceptance and Entry of Plea). Petitioner has not alleged or shown extraordinary circumstances to overcome the sworn testimony that he gave during the plea hearing. See Lemaster, 403 F.3d at 221-22. Accordingly, his claim of ineffective assistance during the plea proceedings is without merit.

Moreover, Petitioner's contention relies on his assertion that he was a legal resident of the United States—an assertion that Petitioner provides no evidence to support. Additionally, although Petitioner argues that there is "no record" of his going before an immigration judge who ordered him to be deported, Doc. No. 1 at 10, he does not deny that he was previously deported or removed. An administratively final order of removal terminates any legal resident status. See Rivera v. INS, 810 F.2d 540, 541 (5th Cir. 1987). Therefore, Petitioner's claim of deficient performance is denied as conclusory because he has not cited or provided any evidence that he entered the country legally. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations), cert. denied, 135 S. Ct. 47 (2014).

Petitioner also fails to allege or show prejudice with respect to counsel's performance during the plea proceedings. He does not allege that, but for counsel's advice, he would have proceeded to trial. Nor does he show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). Instead, he seeks

5

relief only with respect to his sentence. See (Doc. No. 1 at 1; 15). Thus, this claim also fails because he has not alleged or shown prejudice.

**2. Petitioner's contention that counsel was ineffective for failing to advise him that he could be eligible for the fast-track program and for failing to object to the Government's recommendation for a "harsh sentence."**

Petitioner next contends that he asked his attorney at sentencing whether the Court would apply the fast-track law, but that his attorney erroneously advised him that the fast-track program did not apply to him, and counsel did not request fast-track sentencing from the Court. (Doc. No. 1 at 7; 9). Petitioner also asserts that counsel failed to object to the Government's recommendation for a "harsh sentence." (Id. at 9). Under the fast-track program, districts may authorize early disposition programs in limited types of high-volume cases. See United States v. Perez-Pena, 453 F.3d 236, 238-39 (4th Cir. 2006). Even where there is such a program, a particular defendant's participation in the program is within the United States Attorney's discretion and the defendant must meet certain criteria, such as agreeing to specific waivers as part of a plea agreement. See id. Here, pursuant to district policy, a defendant with prior drug-trafficking convictions would not qualify for the fast-track program. Thus, Petitioner did not qualify for the fast-track program, or any reduction in his sentence under that program, due to his prior drug-trafficking convictions. See (Id., Doc. No. 15 at ¶ 30). Accordingly, he has shown neither deficient performance nor prejudice with respect to his attorney's advice that he was not eligible for the fast-track program. See Strickland, 466 U.S. at 687-88, 694.

Finally, Petitioner asserts that the Court inquired at sentencing why the Government had recommended such a "harsh" sentence, and his counsel failed to object to the sentence or mention his eligibility for the fast-track reduction. (Doc. No. 1 at 9). Petitioner has not shown

deficient performance because he has not shown a basis on which counsel could have objected to the guidelines range, and the fast-track reduction did not apply to him due to his prior drug-trafficking convictions. Furthermore, counsel submitted letters and certificates in support of a mitigated sentence, and Petitioner was sentenced at the bottom of the guidelines range. See (Id., Doc. No. 17: Judgment). Therefore, Petitioner also has not shown that he was prejudiced by any failure of counsel to object. Accordingly, he has shown neither deficient performance nor prejudice, and his claims of ineffective assistance of counsel are therefore denied. See Strickland, 466 U.S. at 687-88, 694.

### B. Petitioner's Claim of Insufficiency of the Evidence

Petitioner next argues that his conviction and sentence are unconstitutional because there is no evidence that he was ordered to be deported or that his legal resident status was terminated. (Doc. No. 1 at 10). Thus, he challenges the sufficiency of the evidence. Claims alleging insufficient evidence are generally not cognizable in a § 2255 proceeding. See Dockery v. United States, 237 F.2d 518, 519 (4th Cir. 1956); Rashaad v. United States, Civil No. 3:12cv361, 2012 WL 2131341 (W.D.N.C. June 12, 2012) (unpublished) (dismissing sufficiency of the evidence claim as not cognizable in a motion to vacate). "Questions as to the sufficiency of the evidence . . . must be raised by timely appeal from the sentence if the petitioner desires to raise them." Murawski v. United States, 179 F.2d 782, 783 (4th Cir. 1950).

Additionally, "[a] knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Petitioner's representations to the Court during the plea proceeding establish that his plea was knowingly and voluntarily made. Thus, by pleading guilty, Petitioner "relinquished his right . . . to challenge the

7

sufficiency of the evidence presented as a factual basis for his guilty plea." See Willis, 992 F.2d at 491. This claim also is barred by the post-conviction waiver provision in Petitioner's plea agreement. (Id., Doc. No. 7 at ¶¶ 16-17: Plea Agrmt.). The record shows that he knowingly and voluntarily agreed to this waiver, and he does not challenge its validity in his § 2255 motion. Accordingly, this claim is waived by Petitioner's plea agreement. See Lemaster, 403 F.3d at 220 (holding "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary").

Finally, even if Petitioner could raise this issue on collateral review, it would be procedurally barred because Petitioner did not appeal this issue. A Section 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). Petitioner has not alleged cause or prejudice for his failure to raise this issue on appeal, nor has he shown that he is factually innocent of his illegal re-entry offense. Therefore, this claim also is procedurally barred. See Bousley, 523 U.S. at 621-22.

In sum, for the reasons stated herein, Petitioner cannot show deficient performance and prejudice; therefore, his ineffective assistance claims are denied. Furthermore, his challenge to the sufficiency of the evidence is dismissed because it is not cognizable on collateral review, and it is waived and procedurally barred.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 20, 2016

Max O. Cogburn Jr.
United States District Judge